UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RALPH NEGRON,

                Plaintiff,

     - against -

TARGET CORPORATION,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-5144 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

On July 24, 2024, Defendant Target Corporation ("Defendant" or "Target") filed a notice removing this action from the Supreme Court of the State of New York, Kings County, to this Court. (Notice of Removal, Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to state court.

## BACKGROUND

On May 14, 2024, Plaintiff Ralph Negron ("Plaintiff") filed a complaint in state court, alleging that on February 12, 2024, he "sustain[ed] severe and permanent injuries when [he] tripped and fell on a defective condition inside of" a Target store in Brooklyn. (Compl., Dkt. 1-1 ¶¶ 7, 16.) The Complaint alleges that as a result of Plaintiff's injuries, he has "suffered pain, shock, and mental anguish," incurred medical costs, and has been "rendered unable to perform [his] normal activities." (*Id.* ¶ 21.) The Complaint further alleges that Plaintiff "was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (*Id.* ¶ 22.)

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice of Removal, Dkt. 1 ¶ 6.) The Notice of Removal alleges that Plaintiff "resides in the County of Kings, and therefore is a citizen of the State of New

York," (*id.* ¶ 7), and that Defendant is a Minnesota business corporation with its principal place of business in Minneapolis, Minnesota, (*id.* ¶ 8). With respect to the amount in controversy, the Notice of Removal explains that on June 21, 2024, Plaintiff's counsel refused to stipulate that the recovery for damages would be capped at $75,000, in which case Defendant "would forego [its] request for removal." (*Id.* ¶ 10.) Based on Plaintiffs' refusal to agree to the stipulation, Defendant summarily asserts that the "amount in controversy [for removal purposes] therefore exceeds $75,000." (*Id.*) To date, Plaintiff has not filed a motion for remand.

On July 25, 2024, the Court ordered Target to show cause why this case should not be remanded to state court based on a lack of diversity jurisdiction. (7/25/2024 Dkt. Order.) Target responded to the Court's Show Cause Order on August 8, 2024. (Resp., Dkt. 8.) In its response to the Show Cause Order, Target makes the same argument it made in the Notice of Removal as to the diversity of the parties. (Resp., Dkt. 8 at ECF[1] 1 (explaining that Plaintiff's "address" is in Brooklyn).) With respect to the amount in controversy, Defendant explained that on June 20, 2024, Plaintiff's counsel "contend[ed]" in a phone call that the amount in controversy in this matter "is in excess of $75,000." (*Id.* at ECF 2.) In addition, Defendant submitted Plaintiff's Response to Demand for Total Damages Pursuant to N.Y. C.P.L.R. § 3017(c), dated July 31, 2024, which was *after* removal of this action. (*Id.*; *see also* Pl.'s Resp. to Demand for Total Damages ("Pl.'s Resp."), Dkt. 8-2.) That § 3017(c) demand states that Plaintiff is seeking $5 million in damages. (Pl.'s Resp., Dkt. 8-2.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." This provision is construed narrowly and in favor of remand out of "[d]ue regard for the rightful independence of state governments." *Gribler v. Weisblat*, No. 07-CV-11436 (NRB), 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)); *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). As the removing party, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)); *accord Bank of Am. v. Angona*, No. 14-CV-1643 (JG), 2014 WL 1515559, at *1 (E.D.N.Y. Apr. 18, 2014) (explaining that the party seeking removal "bears the burden of proof that jurisdictional and procedural requirements have been met").

To remove an action to federal court, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents." *Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (first citing 28 U.S.C. § 1446(b), then citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). However, if the initial pleading is not removable, "a notice of removal may be filed within 30 days after

3

receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (per curiam) (explaining that the 30-day removal period does not begin to run until the defendant "receive[s] the first document from which all of the facts giving rise to removability [are] evident"); *see also id*. at 38 (holding "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to state court *sua sponte*, absent a motion from Plaintiff. The applicable statute states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Second Circuit has construed this provision as authorizing a district court, at any time, to remand a case *sua sponte* for lack of subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing not just the complete diversity of citizenship of the parties, but also that the amount in controversy exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a); *accord Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the

jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action." *Lupo*, 28 F.3d at 273–74. The Second Circuit "has repeatedly cautioned" district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo*, 932 F.2d at 1045–46). Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted) (citing *Moltner*, 624 F.3d at 38); *accord Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (quoting *Moltner*, 624 F.3d at 38).

In this case, Defendant has failed to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. Defendant's assertion that "the amount in controversy for removal purposes . . . exceeds $75,000" is based primarily on the fact that Plaintiff would not stipulate to a $75,000 damages cap. (Notice of Removal, Dkt. 1 ¶ 10). "Although federal courts 'allow remands on the basis of plaintiff's stipulations to damages amounts that fall below the diversity jurisdictional threshold,' the inverse is not true. That is, the Court will not infer from a refusal to sign such a stipulation that Plaintiff's claims necessarily exceed the $75,000 amount in controversy threshold." *CG ex rel. Georges v. Target Corp.*, No. 22-CV-6247 (PKC) (JRC), 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022) (quoting *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014)); *see also Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) ("[T]he fact that a plaintiff will not stipulate to damages

5

of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so.").

"Furthermore, here, 'Defendant cannot meet [its] burden by relying on inferences drawn from [Plaintiff's] Complaint, because the Complaint does not allege a damages amount.'" *Georges*, 2022 WL 15497124, at *2 (quoting *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)). Plaintiff alleges that he "was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl., Dkt. 1-1 ¶ 22.) The reference to "lower courts," "clearly refers to the lower civil courts of New York, which may not entertain actions seeking to recover more than $50,000, as opposed to federal district courts." *Diallo v. Puerta*, No. 23-CV-9452 (PKC) (MMH), 2024 WL 640066, at *3 (E.D.N.Y. Feb. 15, 2024).

Moreover, neither the Complaint, the Notice of Removal, nor the Response to the Court's Show Cause Order "permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied" based on the Plaintiff's alleged injuries. *Id.* The Complaint merely alleges that Plaintiff "sustain[ed] serious" and "severe and permanent injuries." (Compl., Dkt. 1-1 ¶¶ 16, 21.) This vague allegation is insufficient to demonstrate a "reasonable probability" that the amount in controversy exceeds $75,000. *Georges*, 2022 WL 15497124, at *2 (quoting *Herrera*, 2016 WL 4536871, at *2); *see also id.* (finding that the amount in controversy threshold was not met where Plaintiff's complaint included only vague allegations of "severe" and "serious" injuries); *Diallo*, 2024 WL 640066, at *3 (same). While Defendant's response to the Court's Show Cause Order contains slightly more information, (*see* Resp., Dkt. 8 at ECF 1–2 (stating that "Plaintiff sustained a knee injury that required arthroscopic surgery and contends that the matter is in excess of $75,000")), it is still insufficient to establish a reasonable probability that

6

the amount in controversy threshold is met. "General medical information . . .without more, does not suffice to satisfy the jurisdictional amount." *Frierson v. Bay Shippers, LLC*, No. 24-CV-2952 (PKC) (MMH), 2024 WL 1835355, at *3 (E.D.N.Y. Apr. 26, 2024). Moreover, Plaintiff's counsel's oral statement as to the value of the case is also insufficient to raise a reasonable inference that the amount in controversy exceeds $75,000. This oral statement as to the value of the case is akin to an oral settlement demand, which "is not a sufficient basis for removal to federal court." *Id.* (quoting *Jean v. Home Depot U.S.A., Inc.*, No. 24-CV-371 (OEM) (LB), 2024 WL 1530938, at *3 (E.D.N.Y. Feb. 27, 2024)).

That leaves Plaintiff's Response to Demand for Total Damages Pursuant to N.Y. C.P.L.R. § 3017(c). In that document, Plaintiff states he is "seeking $5,000,000 in total damages." (Pl.'s Resp., Dkt. 8-2.) The document is dated July 31, 2024—a week after Defendant filed for removal. (*Id.*) "[I]t is well established in this Circuit that '[j]urisdictional facts, such as the amount in controversy are evaluated 'on the basis of the pleadings, viewed *at the time when defendant files the notice of removal*.'" *Livetsky v. Ahold Delhaize USA, Inc.*, No. 23-CV-1549 (DLI) (LB), 2023 WL 2711317, at *3 (E.D.N.Y. Mar. 30, 2023) (second alteration in original) (quoting *Houston v. Scheno*, No. 06-CV-2901 (SJF), 2007 WL 2230093, at *3 n.3 (E.D.N.Y. July 31, 2007)). "After removing a case, a defendant cannot go out and conduct discovery to justify that removal." *Id.*

With respect to the amount in controversy, at least, it appears that Defendant's removal of this case was premature.[2] *See Georges*, 2022 WL 15497124, at *2 n.1 (remanding a case against

---

[2] Even if Defendant had established that the amount in controversy threshold was met, it also appears that diversity is incomplete, and so this Court would still lack subject matter jurisdiction. With respect to Plaintiff's citizenship, Defendant alleges only Plaintiff's residence, not his domicile. (Compl., Dkt. 1-1 ¶ 1 (stating that Plaintiff "resided in the County of Kings, State of New York"); Notice of Removal, Dkt. 1 at ECF 2 (same).) That is insufficient to demonstrate Plaintiff's citizenship. *Kum v. Walcott*, No. 12-CV-4608 (RRM) (RER), 2012 WL 4772072, at *2 (E.D.N.Y. Oct. 5, 2012) (remanding for lack of subject matter jurisdiction

Defendant where Defendant prematurely removed the case prior to receipt of the N.Y. C.P.L.R. § 3017(c) demand). Had Defendant waited until it received the N.Y. C.P.L.R. § 3017(c) demand, the amount in controversy threshold might have been met. But because the Court must evaluate the jurisdictional facts from the time Defendant filed the notice of removal, it is not. Consequently, this Court does not have subject matter jurisdiction and the case must be remanded to state court.

## CONCLUSION

For the reasons explained above, this case is remanded to the Supreme Court of the State of New York, County of Kings, under Index No. 513433/2024, for lack of federal subject matter jurisdiction. Following remand, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 4, 2024
      Brooklyn, New York

---

where defendant alleged only the Plaintiff's "residence"). Citizenship for diversity purposes is based on domicile, not residence. *Demers v. Target Corp.*, No. 10-CV-999 (CSH), 2010 WL 2667438, at *2 (D. Conn. June 30, 2010). Consequently, 28 U.S.C. 1332(a)(1)'s diversity of citizenship requirement is also not met.

8